**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4076**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN LEWIS CHAMBERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:17-cr-00020-FDW-DSC-1)

Submitted: August 23, 2018                    Decided: September 5, 2018

Before MOTZ and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Lewis Chambers appeals his conviction and 84-month sentence after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Chambers' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court erred by increasing Chambers' base offense level based on a finding that Chambers had two prior felony convictions for crimes of violence. Chambers has been notified of his right to file a pro se brief, but he has not filed one. We affirm.

Chambers did not attempt to withdraw his guilty plea in the district court, and thus we review the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 527 (4th Cir. 2002). To establish plain error, an appellant must demonstrate "that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights. Even if an appellant satisfies these elements, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012) (citation, alteration, and internal quotation marks omitted). Because we detect no reversible error in the magistrate judge's Rule 11 plea colloquy, we affirm Chambers' conviction.

We review Chambers' sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure that the district court committed no significant

2

procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, . . . failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.* at 51; *see* 18 U.S.C. § 3553(a) (2012). If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. We presume that a sentence within a properly calculated Guidelines range is reasonable, and a defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Having carefully reviewed the record, we find no error in the district court's imposition of Chambers' sentence. Counsel's specific claim, that Chambers' prior North Carolina convictions for common law robbery do not constitute crimes of violence, is foreclosed by our recent decision in *United States v. Gattis*, 877 F.3d 150, 156-60 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 1572 (2018). The district court properly calculated the advisory Sentencing Guidelines range and sufficiently explained its reasons for imposing the sentence Chambers received. Further, Chambers has not made the showing necessary to rebut the presumption of reasonableness that we afford his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Chambers, in writing, of the right to petition the Supreme Court of the United States for further review. If Chambers requests

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chambers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4